PONCE GAS SERVICE CORP., peticionaria, *v.* JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandada.

*Número:* O-75-536    *Resuelto:* 15 de marzo de 1976

*Benito Gutiérrez Díaz,* abogado de la peticionaria; *Federico Díaz Ortiz, Richard V. Pereira* y *José Velaz Ortiz,* abogados de la demandada.

PER CURIAM: José A. López fue despedido de su empleo por la peticionaria el 28 de agosto de 1973. Varios días después la Federación Puertorriqueña de Sindicatos Democráticos formuló ante la Junta de Relaciones del Trabajo un cargo en que alegó que el motivo del despido fue la actividad gremial del señor López a favor de la Federación.

Presentada la correspondiente querella, celebrada audiencia y recibido un informe de la oficial examinadora, la Junta emitió decisión y orden el 13 de septiembre de 1974 en que adoptó el informe en tanto concluyó que la peticionaria incurrió en las prácticas ilícitas de trabajo que se le imputaban, y le ordenó cesar y desistir de las mismas y pagar a López $6,596.27 por concepto de los salarios que hubiera percibido de no haber sido despedido. Se apartó del informe en cuanto éste no recomendó que se ordenara la reposición de López en su empleo.[1] La Junta ordenó a la peticionaria que lo repusiera.

Luego de la decisión y orden de la Junta, el asunto ha venido ante nos en tres ocasiones. Primero recurrió la Junta mediante petición para que pusiéramos en vigor su orden. Así lo dispusimos por resolución de 5 de marzo de 1975, caso O-75-9, que el 14 de mayo de 1975 nos negamos a reconsiderar sin perjuicio de que el patrono (la aquí peticionaria) gestionara la reapertura del caso por la vía administrativa ante la Junta. Hecha esta gestión, la Junta se negó a reabrir el caso y la peticionaria nos solicitó auto de *certiorari* para revisar su actuación. El 7 de agosto de 1975 concedimos término a la Junta para mostrar causa por la cual no debíamos dejar

---

[1] En la número 2 de sus recomendaciones el informe dice:

"2. No se recomienda que se reponga en su trabajo al señor José A. López López, ya que con sus propias manifestaciones no interesa volver a trabajar allí."

sin efecto su resolución. A ello replicó la Junta con un extenso memorando. El 11 de septiembre de 1975 resolvimos negándonos a expedir el auto, resolución que nos negamos a reconsiderar el 2 de octubre de 1975. Es el caso O-75-345.

Por tercera vez vuelve la cuestión ante nos mediante el recurso de epígrafe. La Federación Puertorriqueña de Sindicatos Democráticos, que había estado representando los intereses de López, se retiró del caso, y López y la peticionaria acordaron una estipulación que sometieron a la Junta, en virtud de la cual (1) se transigió por $1,000 la cantidad que la peticionaria debía pagar a López por orden de la Junta y (2) López renunció a ser repuesto en su cargo. La Junta se negó a aceptar la estipulación. Es de esa negativa que recurre la peticionaria.

El 16 de enero de 1976 concedimos quince días a la Junta para mostrar causa por la cual no debamos expedir el auto solicitado y revisar su resolución. La Junta ha comparecido mediante un bien elaborado alegato. Puede sintetizarse su contención en que por las consideraciones de política pública envueltas en su decisión y orden, no le es permisible al obrero y al patrono transigir los derechos que la Junta reconoció al primero en su referida decisión.

Ciertamente, como señalamos en *U.T.I.E.R.* v. *J.R.T.*, 99 D.P.R. 512, 528 (1970), las funciones de la Junta "son estrictamente las de realizar los propósitos públicos de la Ley de Relaciones del Trabajo y sus órdenes van dirigidas a vindicar el interés público y no intereses privados." Pero también reconocimos en *U.T.I.E.R.* v. *J.R.T.*, supra, en la misma pág. 528 y casi a renglón seguido del entrecomillado anterior: "Sería erróneo caracterizar como punitivo un remedio u orden de la Junta que sea adecuado o apropiado para realizar los propósitos de la ley que la Junta administra." Señalamos en el mismo caso, págs. 528–529, que la facultad que tiene la Junta para ordenar reparaciones económicas "es el remedio más

adecuado para efectuar la política pública de mantener la paz industrial y desalentar" las prácticas ilícitas de trabajo.

La Junta aquí halló probado que la peticionaria incurrió en una práctica ilícita de trabajo al dejar cesante al señor López. El interés público queda vindicado con su orden de cesar y desistir. La reparación económica se logra al ordenar la reposición del empleado y el pago de los salarios que debió devengar. Estas dos últimas no son medidas punitivas. Son medidas reparadoras, cuyo efecto es reconocer deberes y derechos, a saber, el deber del patrono de reemplear al obrero y pagarle por lo que debió ganar de no haber sido despedido, y el derecho del obrero a ser reempleado y a que se le pague por dicho concepto.

Empero, no debemos consagrar como dogma la irrenunciabilidad de los derechos en estos casos. Salvo cuando la ley expresamente lo prohíbe o lo limita, los derechos son renunciables y transigibles. Un ejemplo de prohibición o limitación de ley es el Art. 13 de la Ley Núm. 379 de Mayo 15, 1948, 29 L.P.R.A. sec. 282, que en su último párrafo dispone:

". . . Será nula toda transacción extrajudicial sobre el pago del salario correspondiente a las horas regulares, a las horas extras de trabajo o sobre el pago de la suma igual a la reclamada que fijan las secs. 271 a 288 de este título por concepto de liquidación de daños y perjuicios; Disponiéndose, sin embargo, que será válida a los propósitos de las secs. 271 a 288 de este título toda transacción que se verifique ante el Secretario de Trabajo o cualquiera de los abogados del Departamento de Trabajo, designado por dicho Secretario."

Aquí no se trata de reclamación de salarios. La protección paternalista consagrada en la transcrita disposición no halla eco en la Ley de Relaciones del Trabajo no obstante que ambas leyes persiguen implementar la política pública del Estado. La transacción de una causa de acción entre litigantes debe responder a la libérrima voluntad de las partes, limitada en el caso de la Ley Núm. 379 por disposición expresa del legisla-

dor. Las limitaciones a la libertad, cuando por necesidad existen, deben ser expresas. Jamás deben ser tácitas.

■ El señor López hizo expresión de su deseo de no volver a trabajar para la peticionaria desde que su caso se hallaba bajo investigación de la oficial examinadora. Ello quedó ratificado en la estipulación presentada a la Junta. No tiene utilidad práctica alguna que so color de interés público se exija a la peticionaria reemplearle contra su voluntad. Tampoco la tiene el obligar a la peticionaria a pagar más de lo que haya acordado en transacción con el trabajador, sobre todo si median circunstancias especiales.

No pasamos por alto el legítimo empeño de la Junta en hacer valer su decisión y orden. Pero no se nos ha demostrado que hubiera una determinación por parte de la Junta, basada en hechos probados, de que la transacción no sea válida. Aportar el dato de que el señor López transigiera el caso prescindiendo de la organización obrera que le representaba y de su abogado, como hechos indicativos de un posible vicio de su consentimiento o de una ventaja indebida de la peticionaria es una mera conjetura. Esa circunstancia podría tener algún peso si se impugnase como no válida la transacción, cuestión a ser dilucidada en primera instancia y no ante nosotros. No estamos en condiciones de pasar sobre ello.

■ No estamos resolviendo que la Junta no pueda investigar sobre la validez o legitimidad de una estipulación como la que aquí nos ocupa, en que se transige sobre derechos reconocidos a un empleado en virtud de una decisión y orden de la Junta. Resolvemos que, bajo las circunstancias aquí presentes, no habiéndose probado que la transacción esté viciada de nulidad o sea contraria a ley, se excedió la Junta en el ejercicio de sus poderes al no aprobarla.

*Se expedirá el auto solicitado, se dejará sin efecto la resolución de la Junta de Relaciones del Trabajo aquí recurrida, y se dictará otra ordenando el archivo del caso.*